IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| KENNETH W. CLARK, | ) | 4:13CV3075 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| JEFFRE CHEVVRONT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on its own motion. On May 6, 2013, the court informed Plaintiff that to ensure further consideration of his Complaint, he needed to either tender the $350.00 filing fee to the Clerk of the court or submit a request to proceed in forma pauperis and an affidavit of poverty in support thereof. (Filing No. 5.) The court provided pauper's forms for Plaintiff's use and stated the forms "should be completed and returned to this court." (*Id*.) The court gave Plaintiff until June 6, 2013, to comply with its May 6, 2013, Memorandum and Order. (*Id*.) In doing so, the court warned Plaintiff that his failure to comply could result in dismissal of the Complaint. (*Id*.)

On May 10, 2013, Plaintiff filed a Motion to Appoint Counsel and Motion for Expungement of Record. (Filing No. 6.) However, Plaintiff did not pay the court's filing fee or complete and return the pauper's forms by the court's June 6, 2013, deadline. (*See* Docket Sheet.) Accordingly, this matter is dismissed because Plaintiff failed to comply with the court's May 6, 2013, Memorandum and Order.[1]

---

[1]The court notes that Plaintiff's Complaint raises claims relating to a criminal conviction and seeks expungement of his criminal record. (Filing No. 1.) However, a plaintiff may not use 42 U.S.C. § 1983 to cast doubt on the legality of his conviction, even when he is no longer incarcerated. *See Heck v. Humphrey*, 512 U.S. 477, 486-87, 490 n.10 (1994); *see also Miranda v. Yuma Cnty.*, No. 02-15824, 2002

IT IS THEREFORE ORDERED that:

1. This matter is dismissed without prejudice because Plaintiff failed to prosecute this matter diligently and failed to comply with this court's orders.

2. Plaintiff's Motion to Appoint Counsel and Motion for Expungement of Record (filing no. 6) is denied as moot.

3. A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 11th day of June, 2013.

BY THE COURT:

*s/ John M. Gerrard*
United States District Judge

---

WL 31803840 (9th Cir. Dec. 2, 2002) (concluding district court properly dismissed plaintiff's expungement claim because he could not collaterally attack his conviction under section 1983). Such claims must be preceded by a favorable outcome in a habeas corpus or similar proceeding in a state or federal forum.

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.