IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| KENNETH W. CLARK, | ) | 4:13CV3075 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| JEFFRE CHEVVRONT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Plaintiff's Motion to Set Aside Judgment (filing no. 9) and Motion for Leave to Proceed In Forma Pauperis ("IFP") (filing no. 10). For the reasons discussed below, the Motions are denied.

## I. BACKGROUND

On May 6, 2013, the court informed Plaintiff that to ensure further consideration of his Complaint, he needed to either tender the $350.00 filing fee to the Clerk of the court or submit a request to proceed in forma pauperis and an affidavit of poverty in support thereof. (Filing No. 5.) The court provided pauper's forms for Plaintiff's use and stated the forms "should be completed and returned to this court." (*Id*.) The court gave Plaintiff until June 6, 2013, to comply with its May 6, 2013, Memorandum and Order. (*Id*.) In doing so, the court warned Plaintiff that his failure to comply could result in dismissal of the Complaint. (*Id*.)

On May 10, 2013, Plaintiff filed a Motion to Appoint Counsel and Motion for Expungement of Record. (Filing No. 6.) However, Plaintiff did not pay the court's filing fee or complete and return the pauper's forms by the court's June 6, 2013, deadline. (*See* Docket Sheet.)

On June 11, 2013, the court dismissed this matter because Plaintiff failed to comply with the court's May 6, 2013, Memorandum and Order. (Filing Nos. 7 and 8.) In doing so, the court also noted that Plaintiff's Complaint raised claims relating to a criminal conviction and sought expungement of his criminal record. (Filing Nos. 1 and 7.) The court informed Plaintiff that he may not use 42 U.S.C. § 1983 to cast doubt on the legality of his conviction, even when he is no longer incarcerated. (Filing No. 7.) *See* Heck v. Humphrey, 512 U.S. 477, 486-87, 490 n.10 (1994); *see also* Miranda v. Yuma Cnty., No. 02-15824, 2002 WL 31803840 (9th Cir. Dec. 2, 2002) (concluding district court properly dismissed plaintiff's expungement claim because he could not collaterally attack his conviction under section 1983).

## II. PLAINTIFF'S MOTIONS

Liberally construed, Plaintiff seeks to set aside the court's June 11, 2013, Order and Judgment under Fed. R. Civ. P. 59(e), reopen this case, and proceed in forma pauperis. (Filing Nos. 9 and 10.) Plaintiff states he is on "disability ssi low income" and seeks expungement of his state court record because the state violated his "Fifth and Fourth Amendment" rights. (Filing No. 10.)

"Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence . . . . Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." U.S. v. Metro. St. Louis Sewer Dist., 440 F.3d 930, 933 (8th Cir. 2006) (internal citations and quotations omitted).

The court has carefully reviewed Plaintiff's Motion and finds that he is not entitled to relief under Rule 59(e). Indeed, pro se litigants are not excused from complying with court orders. *See, e.g.*, Henderson v. Renaissance Grand Hotel, 267 Fed. App'x. 496, 497 (8th Cir. 2008) (concluding district court did not clearly err in

dismissing case where pro se plaintiff failed to prosecute her case and failed to comply with court orders). Further, even if Plaintiff had complied with the court's order, his claims do not entitle him to relief under 42 U.S.C. § 1983. Accordingly,

IT IS THEREFORE ORDERED that: Plaintiff's Motion to Set Aside Judgment (filing no. 9) and Motion for Leave to Proceed IFP (filing no. 10) are denied.

DATED this 25th day of June, 2013.

BY THE COURT:

*s/ John M. Gerrard*
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.