IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| KENNETH W. CLARK, | ) | 4:13CV3075 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| JEFFRE CHEVVRONT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on its own motion. On June 11, 2013, the court dismissed Plaintiff's Complaint without prejudice. (Filing Nos. 7 and 8.) On June 17, 2013, Plaintiff filed a Motion to Appoint Counsel. (Filing No. 9.) Although this motion only discussed the appointment of counsel, it contained the following language in the caption: "motion for to set a side [sic] avoid [sic] judgment." (*Id*.) The court denied Plaintiff's Motion to Appoint Counsel on June 25, 2013. (Filing No. 11.) On July 30, 2013, Plaintiff filed a Notice of Appeal. (Filing No. 13.)

Federal Rule of Appellate Procedure 4(a)(1) requires that the notice of appeal in a civil case be filed within thirty days after the judgment or order appealed from is entered. "A timely notice of appeal is both mandatory and jurisdictional." *Burgs v. Johnson Cnty., Iowa*, 79 F.3d 701, 702 (8th Cir. 1996). Morever, an untimely notice of appeal cannot serve as a motion for extension of time to file appeal. *Id*. However, the district court may extend the time to file a notice of appeal if a party moves for an extension of time and shows excusable neglect or good cause. Fed. R. App. P. 4(a)(5)(A)(ii).

The filing of certain motions tolls the running of the 30-day time period set forth in Fed. R. App. P. 4. Indeed, Fed. R. App. P. 4(a)(4)(A) provides:

> If a party timely files in the district court any of the following motions under the Federal Rules of Civil Procedure, the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion:
>
> (i) for judgment under Rule 50(b);
>
> (ii) to amend or make additional factual findings under Rule 52(b), whether or not granting the motion would alter the judgment;
>
> (iii) for attorney's fees under Rule 54 if the district court extends the time to appeal under Rule 58;
>
> (iv) to alter or amend the judgment under Rule 59;
>
> (v) for a new trial under Rule 59; or
>
> (vi) for relief under Rule 60 if the motion is filed no later than 28 days after the judgment is entered.

Fed. R. App. 4(A)(4).

Liberally construed, Plaintiff may have considered his Motion to Appoint Counsel, which contained the language "motion for to set a side [sic] avoid [sic] judgment," a motion for relief under Rule 59 or 60. (*See* Filing No. 9.) Giving Plaintiff the benefit of this liberal construction, the court denied his motion on June 25, 2013, thereby triggering the 30-day deadline set forth in Fed. R. App. P. 4.

Plaintiff filed his Notice of Appeal on July 30, 2013, or more than 30 days after the court's June 25, 2013, Memorandum and Order. (*See* Docket Sheet.) Moreover, Plaintiff did not move to extend the time to file a notice of appeal in this matter. (*Id*.) However, on the court's own motion, Plaintiff shall have until September 1, 2013, to file an affidavit to show excusable neglect or good cause for failing to file a timely

notice of appeal. If Plaintiff fails to submit such an affidavit, Plaintiff's appeal will not be processed.

IT IS THEREFORE ORDERED that:

1. Plaintiff shall have until September 1, 2013, to submit an affidavit to show excusable neglect or good cause for failing to file a timely notice of appeal. If Plaintiff fails to submit such an affidavit by September 1, 2013, Plaintiff's appeal will not be processed.

2. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: Check for affidavit on September 1, 2013.

DATED this 5th day of August, 2013.

BY THE COURT:

*s/ John M. Gerrard*
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.